### In re DUEMLING et al.
#### No. 21565.

District Court, W. D. Pennsylvania.
June 3, 1946.

Commonwealth Trust Co. of Pittsburgh, Receiver.

Watson B. Adair, of Pittsburgh, Pa., Stonecipher & Cunningham, and Weller, Wicks & Wallace, all of Pittsburgh, Pa., for petitioning creditors, and for receiver.

Bernard Goodman and Emanuel Amdur, both of Pittsburgh, Pa., for Marie L. Duemling.

GIBSON, District Judge.

An involuntary petition in bankruptcy has been filed against Gerhardt A. Duemling and Marie L. Duemling, individually and trading as Steel Conversion & Supply Company. Marie L. Duemling has filed an answer by which she alleged (1) That the alleged bankrupts had no principal place of business nor a domicile in this district for six months last past, (2) that Marie L. Duemling and Gerhardt A. Duemling, trading as Steel Conversion & Supply Company, did not owe debts amounting to $1,000, (3) that the petitioning creditors have no provable claims, (4) that Marie L. Duemling was not a member of the partnership trading as Steel Conversion & Supply Company, (5) that no insolvency existed, and (6) that no act of bankruptcy was committed. Upon these issues she requested a jury trial.

By Section 19, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 42, sub. a, she is granted the right to a jury trial upon only the issue of insolvency and an act of bankruptcy, and attorneys for the petitioning creditors have moved to strike the demand for a jury trial upon all issues raised by the answer except insolvency and act of bankruptcy.

The answer of Marie L. Duemling was filed on December 5, 1945, and the motion to strike was made after the trial list for the May Term was made up. The approval of the motion to strike would require two hearings, one before the jury and the other before the court, while the refusal of it will allow the matter to be largely finished in one hearing. The hearing before the jury can possibly be heard at an early date, and the motion to strike will be denied.

In the disposition of the trial, however, the trial judge must keep in mind that other than the issues of insolvency and the act of bankruptcy the verdict will be only advisory insofar as the court is concerned, and some care will be required in submitting the case to the jury. In so doing it would seem proper to submit separate findings upon each of the six issues advanced by the answer.